**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

| | |
|---|---|
| **JORDAN POWELL,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| **v.** | )                    **No. 1:26-cv-01064-STA-jay** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

---

**ORDER DENYING RELIEF UNDER 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

---

Jordan Powell filed a 28 U.S.C. § 2255 motion on March 23, 2026 (ECF No. 1), and an amended motion, with the Court's permission, on March 30, 2026. (ECF No. 5.) The Government filed a response on April 9, 2026. (ECF No 7.) Powell then filed a reply to the Government's response. (ECF No. 10.) For the reasons set forth below, the motion is **DENIED** without prejudice.

As correctly noted by the Government, on September 11, 2024, an appeal was filed in Powell's case and is currently docketed at the United States Court of Appeals for the Sixth Circuit, Docket No. 24-5833.

> "[I]n the absence of extraordinary circumstances," a defendant is not "entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn" his conviction or sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (quotation omitted). Indeed, a district court may generally not consider a Section 2255 petition "during the pendency of" a petitioner's direct appeal because resolution of that direct appeal "may render collateral attack ... unnecessary." *Id.* While this rule is not jurisdictional, it "promote[s] judicial economy and the orderly administration of justice." *See Joy v. United States*, No. 16-6494, 2017 WL 4513119, at *2 (6th Cir. Mar. 20, 2017) (citation omitted).

*Wright v. United States*, 2025 WL 1762104, at *1 (E.D. Tenn. June 25, 2025).

Here, Powell has identified no unusual or extraordinary circumstances warranting an exception to the general rule against considering a § 2255 motion while a direct appeal in the underlying criminal action is pending. Therefore, the Court **DENIES** the motion without prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, upon the entry of a adverse final order adverse, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only when the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires the movant to demonstrate that reasonable jurists would find that the Court's assessment of the claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's assessment of Powell's claim. Accordingly, the Court **DENIES** a certificate of appealability.

Further, the Court finds that any appeal of this order would not be taken in good faith and would be frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Powell file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3).

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 3, 2026

2